ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13319, 27768, 33938. Promulgated November 25, 1931.

*Claude W. Dudley, Esq., Chester A. Gwinn, Esq.,* and *E. T. Carter, Esq.,* for the petitioner.

*E. C. Algire, Esq.,* for the respondent.

OPINION.

MARQUETTE: The assignments of error which have been admitted by the respondent necessitate adjustments respecting the deficiencies as follows:

*Docket No. 13319.*

Taxable income should be reduced by: (1) $1,974.40, contributed to petitioner for construction of spur tracks for private concerns; (2) $1,544.50, with respect of profits on the sale of town lots; (3) $18,724.81, relating to increased inventory values of materials and supplies; (4) $142,799.78, partial reimbursement for cost of equipment retired during the Federal control period; (5) $68,359.78, expenditures for equipment repairs; (6) $2,348.07, a duplicate credit as to one of petitioner's affiliated companies.

Petitioner's tax upon income earned during the first two months of 1920 should be recomputed, at the rate of 8 per cent.

The amount of $10,807.58 representing taxes paid by the Director General of Railroads on behalf of petitioner and its affiliated companies should not be allowed as a credit against petitioner's tax liability for 1920.

*Docket No. 27768.*

There should be deducted from petitioner's gross income for 1922: (1) The amount of $32,333.15, representing an uncollectible account; (2) $5,391.18, cancellation of bill.against the United States War Department; (3) $57 representing fines paid by petitioner; (4) $14,782.55 contributed to petitioner for construction of spur tracks for private concerns; (5) $1,840 contributed by petitioner to the Y. M. C. A.; (6) $326,314.40, the amount by which respondent in his deficiency determination overstated petitioner's income.

*Docket No. 33938*

The petitioner contends that the full amount of compensation allowed for the use of its properties during the period of Federal control was accrued, and constituted taxable income for that period, although the exact amount of such compensation was not determined and allowed until 1923. The respondent's contention is that so much of the compensation allowed as was in excess of the amount certified as a standard could not be accrued during the Federal control period because such excess was not determined until later, after a long controversy between petitioner and the Director General of Railroads. Respondent's theory is that the controversy as to the amount was a legal dispute and he cites decisions to the effect that where a taxpayer disputes an alleged liability against him the amount of that liability, as finally determined, can not be accrued prior to such determination.

We do not concur with respondent's viewpoint. In the present instance the Government did not deny its liability to pay just compensation to the petitioner. That liability was never in dispute. The only question in controversy was one of fact, namely, what amount of money would be just compensation. That question was settled through conferences and negotiations.

The issue here presented has been decided by the Board, adversely to the respondent's contention, in a number of cases. See *Illinois Terminal Co.*, 5 B. T. A. 15; *New Orleans, Texas & Mexico Railway Co.*, 6 B. T. A. 436; *Old Dominion Steamship Co.*, 16 B. T. A. 264; affd., 47 Fed. (2d) 148; *Kansas City Southern Railway Co.*, 16 B. T. A. 665; affd., 52 Fed. (2d) 372; *Missouri Pacific Railroad Co.*, 22 B. T. A. 267; *International-Great Northern Railroad Co.*, 24 B. T. A. 726. In each of those cases, with the possible exception of *Illinois Terminal Co.*, *supra*, there was the same situation as that now before us, viz., a controversy between the taxpayer and the Government as to the amount of compensation to be paid, more or less lengthy negotiations, and a final agreement reached after the Federal

control period had ended. In each of the above cited cases it was held that the full amount of compensation as finally determined constituted accrued income *pro rata* over the period of Federal control. In our opinion, the present proceedings can not be distinguished upon the facts, as respondent contends. We conclude, therefore, that the entire amount of compensation allowed to the petitioner and its affiliated companies by the Government should be prorated as income over the period of Federal control.

What we have held, and the decisions cited, apply with equal force in respect of interest received from the United States upon the cost of additions and betterments. Such interest constituted a part of the just compensation due the petitioner and its affiliated companies and should be prorated over the Federal control period. *Texas & Pacific Railway Co.*, 9 B. T. A. 365; *Kansas City Southern Railway Co., supra.*

*Decision will be entered under Rule 50.*